```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CASEY ORTIZ,

        Petitioner,

v.                                    Case No: 2:19-cv-247-JES-MRM

FLORIDA ATTORNEY GENERAL
and SECRETARY, DOC,

        Respondents.
_____/

## ORDER

Before the Court is Casey Ortiz's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. #4).  Ortiz challenges his conviction for two counts of unlawful sexual activity.  He is represented by counsel.

**I.  Background**

The State of Florida charged Ortiz with two counts of unlawful sexual activity for being 24 years of age or older and engaging in sexual activity with a person 16 or 17 years of age.  (Doc. #15-2 at 309).  A jury found him guilty of both counts.  (Id. at 317). The trial court sentenced Ortiz to 15 years' imprisonment on Count 1 and 5 years of sex offender probation on Count 2.  (Id. at 391-93).  Ortiz appealed, and the Second District Court of Appeal of Florida (2nd DCA) affirmed without written opinion.  (Id. at 514). Ortiz did not file any post-conviction motions in state court.

Ortiz's federal Habeas Petition raises three grounds. In Ground 1, Ortiz argues the conviction violated his federal due process rights because the State failed to sufficiently prove he was over the age of 24. In Grounds 2 and 3, Ortiz argues his trial and appellate attorneys failed to render effective assistance of counsel. Respondent argues Ortiz failed to exhaust his state remedies on all grounds.

II. **Applicable Habeas Law**

   a. **AEDPA**

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson

v. Corcoran, 562 U.S. 1, 16 (2010).

   **b. Exhaustion and Procedural Default**

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

Procedural defaults generally arise in two ways:

> (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

Cortes v. Gladish, 216 F. App'x 897, 899 (11th Cir. 2007). A federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) "the failure to consider the claim would result in a fundamental

miscarriage of justice." Id. (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)). Another gateway through a procedural bar exists for claims of ineffective assistance of trial counsel. If the state court did not appoint counsel in the collateral proceeding, or if collateral-review counsel was ineffective, a petitioner may overcome procedural default by "demonstrat[ing] that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez v. Ryan, 566 U.S. 1, 13 (2012).

**III. Analysis**

  a. **Ground 1: The State failed to present sufficient evidence of Ortiz's age**.

The criminal charges brought against Ortiz required the State to prove that he was over the age of 24 when he committed the crimes. The State met that burden by introducing Ortiz's driving license record, which showed he was born in August 1980, making him 33 years old when the crimes occurred. At the close of trial, Ortiz moved for a judgment of acquittal because the State failed to prove when the crimes occurred; Ortiz did not challenge the State's proof of his age. (Doc. #15-3 at 902-3). On appeal, Ortiz argued the driving license record was inadmissible under Florida's hearsay rules. Ortiz did not cite any federal law or

4

otherwise notify the 2nd DCA that his claim had a federal component.

Ortiz now argues he exhausted this ground by arguing on appeal that the State's evidence would have been insufficient to prove his age in the absence of the driver's license record. (Doc. #17 at 4). Not so. A petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts. See, Snowden, supra. And "simple mentioning a phrase common to both state and federal law, like 'sufficiency of the evidence,' cannot constitute fairly presenting a federal claim to the state courts." Preston v. Sec'y, Dep't of Corr., 785 F.3d 449, 460 (11th Cir. 2015). Because Ortiz failed to fairly present his federal claim to the state courts, he failed to exhaust it. And it is procedurally barred by Florida law. See Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179 (11th Cir. 2010) ("under Florida law, a claim is procedurally barred from being raised on collateral review if it could have been, but was not raised on direct appeal").

Even if Ortiz did exhaust Ground 1, it is frivolous. When evaluating a due process challenge to the sufficiency of evidence supporting a guilty verdict, the only question is "whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 566 U.S. 650, 656 (2012).

5

The State presented evidence that Ortiz was born in August 1980, making him 33 years old when the crimes occurred. The jury's finding that he was over the age of 24 was not irrational. The Court denies Ground 1.

   b. **Grounds 2 and 3: Ortiz received constitutionally deficient assistance of counsel at trial and on appeal.**

Ortiz faults his trial counsel for failing to (1) request certain limiting instructions, (2) challenge the jury foreman for cause during voir dire, and (3) evaluate Oritz's competency to stand trial. Ortiz faults his appellate counsel for failing to file a Motion for Rehearing and to Certify Question of Great Public Importance, but he does not identify any grounds for such a motion. Ortiz did not raise any instance of ineffective assistance of counsel in state court. Respondent asks the Court to dismiss these unexhausted claims.

In its Response, Respondent cautioned Ortiz that he had until April 17, 2020 to file a state post-conviction motion. (Doc. #15 at 9). Ortiz filed a Traverse but did not indicate whether he took the hint and began the process of exhausting Grounds 2 and 3. Instead, he asks the Court to excuse his failure to exhaust these grounds because he was prejudiced by his trial and appellate counsels' deficient performance. But the performance of his trial and appellate attorneys—no matter how deficient—cannot explain why

6

he did not seek collateral review in state court.

Ortiz has not shown any exceptional circumstances to excuse his failure to exhaust Grounds 2 and 3. In fact, he does give any reason why he did not file a state post-conviction motion. The Court will dismiss Grounds 2 and 3.

Accordingly, it is now

**ORDERED:**

1. Ground 1 of Casey Ortiz's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. #4) is **DENIED** as to Ground 1. Grounds 2 and 3 are **DISMISSED**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida this __23rd__ day of June 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

7